IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02661-BNB
(**The above civil action number must appear on all future papers
sent to the Court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

JOHN T. GLOVER, III,

    Plaintiff,

v.

REGGIE BICHA, Executive Director, Colorado Department of Human Services, and
SUSAN BIRCH, Executive Director, Colorado Department of Health Care Policy &
Financing,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT THAT COMPLIES WITH RULE 8

---

Plaintiff, John T. Glover, III, resides in Boulder, Colorado.  Mr. Glover initiated this action by filing *pro se* a Complaint (ECF No. 1) for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 and an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2).  As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the documents are deficient as described in this order.  Plaintiff will be directed to cure the following if he wishes to pursue his claims.  Any papers that Plaintiff files in response to this order must include the civil action number noted above in the caption of this order.

**Application to Proceed in District Court Without Prepaying Fees or Costs**:
(1)    ___    is not submitted
(2)    ___    is missing affidavit
(3)    ___    is missing certified copy of prisoner's trust fund statement for the 6-month

|     |     | period immediately preceding this filing |
| --- | --- | --- |
| (4) | __ | is missing certificate showing current balance in prison account |
| (5) | __ | is missing required financial information |
| (6) | __ | is missing an original signature by the prisoner |
| (7) | __ | is not on proper form |
| (8) | X  | names in caption do not match names in caption of complaint, petition or habeas application |
| (9) | __ | An original and a copy have not been received by the Court. Only an original has been received. |
| (10) | X | other: The amounts Plaintiff provides for average monthly income from employment and self-employment, ECF No. 2 at 1, and total monthly income, ECF No. 2 at 2, are inconsistent.  Plaintiff may pay $400.00 (the $350.00 filing fee plus a $50.00 administrative fee) in lieu of filing an amended application. |

**Complaint, Petition or Application**:

| | | |
| --- | --- | --- |
| (11) | __ | is not submitted |
| (12) | __ | is not on proper form (must use the Court's current form) |
| (13) | __ | is missing an original signature by the prisoner |
| (14) | __ | is missing page no. __ |
| (15) | __ | uses et al. instead of listing all parties in caption |
| (16) | __ | An original and a copy have not been received by the Court.  Only an original has been received. |
| (17) | __ | Sufficient copies to serve each defendant/respondent have not been received by the Court. |
| (18) | __ | names in caption do not match names in text |
| (19) | __ | other: |

The Court must construe the Complaint liberally because Mr. Glover is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Mere vague and conclusory allegations that federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings.  See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.  A court may disregard conclusory allegations,

which are not entitled to a presumption of truthfulness.  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Meek v. Jordan*, 534 F. App'x 762, 764 (10th Cir. 2013).  For the reasons stated below, Mr. Glover will be ordered to file an amended Complaint if he wishes to pursue his claims in this action.

The Complaint is 75 pages with 436 pages of attachments.  It is vague, conclusory, and verbose, with repeated references in each claim to allegations asserted in prior claims.  Each asserted claim must stand on its own.  The amended Complaint Mr. Glover will be directed to file must total no more than 30, double-spaced pages.

The amended Complaint also must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings

violate Rule 8.

In order to state a claim in federal court, Mr. Glover "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Glover should name as defendants in the amended Complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Glover must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*,

992 F.2d 1053, 1055 (10th Cir. 1993). Supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead,

> when a plaintiff sues an official under *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),] or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Glover may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Glover uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Accordingly, it is

ORDERED that Plaintiff, John T. Glover, III, cure the designated deficiencies and file **within thirty (30) days from the date of this order** an amended Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure as discussed in this order.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved form for filing an Application to Proceed in District Court Without Prepaying Fees or Costs and Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use those forms in curing the designated deficiencies and filing an amended Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies or file an amended Complaint as directed **within thirty days from the date of this order**, the Complaint and action may be dismissed without further notice.

DATED October 6, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge