IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02661-GPG

JOHN T. GLOVER III,

      Plaintiff,

v.

MR. REGGIE BICHA,
JOHN AND JANE DOES,
MS. SUSAN BIRCH,
MS. JOSCELYN GAY,
MS. SUSANNE BRENNAN (Negligent Supervision),
JOHN AND JANE DOES
MR. MARK EMERY,
MS. LESLIE ROTHMAN,
MS. MIA SANCHEZ-O'DELL,
JOHN AND JANE DOES,
MR. GLEN SPENCER, and
JOHN AND JANE DOES OF CHURCH OF LATTER DAY SAINTS,

      Defendants.

---

## ORDER OF DISMISSAL

---

## I. Background

Plaintiff John T. Glover III currently resides in Boulder, Colorado.  Plaintiff, acting *pro se*, initiated this action by submitting to the Court a seventy-five page Complaint with 436 attachments.  On October 6, 2014, Magistrate Judge Boyd N. Boland directed Plaintiff to amend the Complaint and comply with Fed. R. Civ. P. 8 and to either pay the $400 filing fee or in the alternative submit an Application to Proceed Without Prepayment of Fees and Affidavit.

On November 20, 2014, Plaintiff submitted an Application to Proceed Without Prepaying Fees or Costs and filed an Amended Complaint.  Magistrate Judge Gordon

P. Gallagher granted Plaintiff leave to proceed without prepayment of fees and costs and directed him to file a Second and Final Amended Complaint.  Specifically, Magistrate Judge Gallagher directed Plaintiff to clarify who he is suing and to state facts in support of his alleged constitutional rights violations.  Plaintiff was told that the Amended Complaint, although reduced to thirty pages, remains vague, conclusory, and verbose, with repeated references to unexplained attachments.  Plaintiff again was directed to amend and comply with Rule 8 by alleging simple and concise claims for relief that state the specific rights, which have been violated, and the specific acts by each named Defendant who committed the violation.  Plaintiff was told not to present the description of his claims in a long, chronological recitation of facts.

On January 12, 2015, Plaintiff filed a Second and Final Verified Complaint.  The Complaint, including attachments, is 464 pages long.  Plaintiff's claims are rambling and repetitive, and include unnecessary information in the format of a long, chronological narrative of events.  Plaintiff, therefore, again has failed to comply with Rule 8 and the Court's two orders to amend, ECF Nos. 5 and 12.  Nonetheless, the Court will proceed to determine the basis of Plaintiff's claims and address the merits as follows.

First, the Court notes Plaintiff was employed by Imagine!, a residential service provider organization, ECF No. 16-10 at 2 and 16-1 at 39, and worked as a residential live-in counselor at the Charles Smart Home in Boulder, where he cared for individuals with developmental disabilities, ECF No. 16-10 at 2.  Plaintiff appears to challenge his termination from his position as a result of an investigation, in which it was determined that Plaintiff psychologically abused, neglected, and violated HIPPA and privacy rights of a resident at the Charles Smart Home.  ECF No. 16-1 at 39-40.  Plaintiff has challenged this termination in a state court case, which is identified and discussed

below.  Plaintiff now seeks to challenge the termination in this Court based on First, Seventh, and Fourteenth Amendment rights and state court regulations and statutes.

## II.  Claims Presented

In the Jurisdiction section of the Second Amended Complaint, Plaintiff asserts that this action is filed pursuant to 28 U.S.C. §§ 1331 and 1367 and 42 U.S.C. § 1983. Plaintiff then provides a thirteen-page overview that he titles, "Other Factors Giving Rise to This Lawsuit."  ECF No. 16 at 8-20.  In the overview, Plaintiff asserts that Defendants have violated his First Amendment right to freedom of speech, the Seventh Amendment, and the Fourteenth Amendment.  Specifically, Plaintiff asserts that beginning on August 16, 2012, through March 24, 2014, on nine different occasions, he provided information to Defendants Reggie Bicha, Susan Birch, Joscelyn Gay, Thomas Miller, and Barbara Ramsey regarding the mishandling of MANE (Mistreatment, Abuse, Neglect, and Exploitation) investigations and in particular sought redress of the results of the investigation that affected him.  ECF No. 16 at 4.

Plaintiff also states that Defendants Bicha, Birch, Gay, John and Jane Does, Mark Emery, Mia Sanchez-O'Dell, and Leslie Rothman failed to take corrective action pursuant to Colo. Rev. Stat. § 27-10.5 and "2 CCR 503-1" to address the "deficient" MANE investigations, and in failing to do so violated Plaintiff's Fourteenth Amendment and equal protection rights.  *Id.* at 6.  Plaintiff further states that there is no grievance provision for "Direct Care Workers" who are adversely affected by mishandled MANE investigations.  *Id.*

Plaintiff asks that this Court review his state court case, *John T. Glover III v. Developmental Disabilities Center (Imagine!), Thomas Stroup and Glen Spencer*, 2012cv124.  *Id.* at 6 and 26.  He also refers to two cases that he pursued in the United

States District Court for the District of Massachusetts. *Glover v. Morrissey, et al.*, No. 03-11633-MAP (D. Mass. Sept. 28, 2004); *Glover v. Comerford, et al.*, No. 03-30213 (D. Mass. Sept. 28, 2004). Both of the Massachusetts cases involve Plaintiff's attempts to report a co-workers alleged mistreatment of persons with developmental disabilities, and both cases were dismissed for failure to "state specific facts from which to infer illegal motive." *Glover*, No. 03-cv-30213, ECF No. 19, at 12.

Plaintiff also contends that on August 27, 2012, he sent an email to Defendant Bicha regarding Mr. Stroup's MANE investigations and that on August 30, September 5, November 30, 2012 and August 23, 2013, he spoke with Thomas Miller, Director of Program Quality of the Colorado Department of Human Services, Division for Developmental Disabilities. *Id.* at 16. Plaintiff further asserts that subsequently Defendants Bicha, Birch, Gay, John and Jane Does placed a "directive" on Thomas Miller to deny any further review of the MANE investigations, *id.* at 17. Plaintiff asserts that he then received a response on October 20, 2012, from Defendant Gay that Plaintiff's information had been reviewed but further review of the MANE investigation for purposes of an employment action was beyond the scope of related statutes and regulations. *Id.* at 17. Because Defendants Bicha, Martinez, Gay, and Birch's refused to conduct a quality review of Mr. Stroup's MANE investigations, Plaintiff asserts he sent a grievance letter to Defendant Gay on January 14, 2013. *Id.* at 18.

Finally, Plaintiff contends Defendants have conspired to obstruct his right to redress his grievances through legal and legislative means in violation of his First, Seventh, and Fourteenth Amendment rights. *Id.* at 19-20. In particular, Plaintiff asserts Imagine! and Mr. Spencer blatantly misstated numerous facts at Plaintiff's pretrial proceedings and during the November 4-6, 2013 jury trial that resulted in the 20th

Judicial District applying an incorrect legal interpretation and the dismissal of his state case. *Id.* at 19-20.

Following Plaintiff's thirteen-page statement of factors giving rise to this case, Plaintiff sets forth the following three claims.  In Claim One, Plaintiff states that the acts and omissions of Defendants Bicha, Gay, Birch, John and Jane Does Emery, Rothman, and Sanchez-O'Dell, which allegedly were conducted under color of state law, (Colo. Rev. Stat. § 27-10.5 and 2 C.C.R. 503-1), and under the laws regulating the Colorado Judicial Branch of Government, were the proximate and legal cause of the deprivation of his First, Seventh, and Fourteenth Amendment rights.  *Id.* at 21.  In Claim Two, Plaintiff asserts  all Defendants knew that Defendant Sanchez-O'Dell and other Imagine! witnesses committed perjury at his Unemployment Appeal Hearings on June 22, 2011, and during the subsequent trial testimony given by Defendant Sanchez-O'Dell on November 4, 2013.  *Id.* at 23.  He further contends that the continued use of the MANE investigation report was wrong because Direct Care Staff, including Plaintiff, had not been trained that they were prohibited from opening resident's mail and from using a cell phone while driving residents.  *Id.*  In Claim Three, Plaintiff asserts that Defendants, state entities, and other members of the Colorado legal community have conspired to obstruct his constitutional rights to bring to the public attention the mishandled MANE investigations and to take  legal action.

Plaintiff seeks money damages. Sec. Am. Compl., ECF No. 16, at 28.  He also seeks declaratory and injunctive relief.  In particular, Plaintiff requests a redress of the mishandled MANE investigations conducted by Imagine!, based on various Colorado statutes and Defendants', (Bicha, Birch, Gay, Emery, Sanchez-O'Dell, and Rothman), failure to address the improper MANE investigation.  ECF No. 16 and 26-29.  Plaintiff

also requests that this Court review his state court case, Case No. 2012cv124 and mandate the U.S. Department of Human Services to guarantee the Colorado Department of Human Services and Health Care Policy and Financing is providing correct oversight of the programs it manages.  Plaintiff further asks that this Court conduct oversight over state agencies to (1) make changes to the MANE investigation process; (2) implement a grievance procedure for Direct Care Workers; and (3) mandate the Colorado Department of Health Care Policy and Financing to fully investigate Plaintiff's claim that a Charles Smart Home resident was exploited regarding the affidavit she signed on July 15, 2013.

### III. Analysis

Upon review of the 435 attachments, the Court finds that a MANE investigation was conducted by Thomas Stroup against Plaintiff for incidents involving residents at the "Smart House" in Boulder, Colorado in February 2011, where Plaintiff was found to have (1) violated a resident's privacy rights by reading her mail; (2) violated the HIPPA law by discussing an individual's behavioral problem with an unauthorized party; (3) engaged in aggressive physical and verbal confrontation while a resident was present to witness; (4) used a cell phone while driving with three residents in the vehicle; and (4) belittled a resident for paging him during the night while he was the primary live-in at the facility.  ECF No. 16-1 at 40.  The basis for all of Plaintiff's claims is the alleged improper MANE investigation that negatively affected his professional reputation.

#### i.  *Rooker-Feldman*

Plaintiff's request that this Court review his State of Colorado Case No. 2012cv124, is precluded by the *Rooker-Feldman* doctrine, which provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate

claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

Plaintiff requests that this Court find his First, Seventh, and Fourteenth Amendment rights were violated because Defendants (1) improperly determined the results of the MANE investigation conducted against Plaintiff were correct; (2) prevented him from redressing and making public the "organizational shortcomings" that caused the mishandled MANE investigation through judicial, legislative, administrative, and other legal venues; and (3) damaged Plaintiff's professional reputation.  In Case No. 2012cv124, Plaintiff asserted defamation, emotional distress,  interference with contractual relations against Mr. Spencer; defamation, "respondeat superior," and negligent retention and supervision against Imagine!; and negligence against Mr. Stroup.  ECF No. 16-3 at 30.  To review Colorado Case No. 2012cv124 based on Plaintiff's claims and consider the relief he requests would disrupt or undo the state court judgment.  Therefore any federal claim that Plaintiff's civil rights were violated with respect to his termination, contractual interference, and defamation are inextricably intertwined with the state court judgment and this Court lacks subject matter jurisdiction.

### ii. Constitutional Claims

Second, Plaintiff's claims asserted pursuant to the First and Seventh Amendment rights are conclusory and vague and do not comply with Fed. R. Civ. P. 8.  Plaintiff does not identify any state or federal right that he was denied in his efforts to petition for redress of his grievances.  Plaintiff concedes he filed a lawsuit challenging the MANE investigation and has contacted various legislative representatives and state oversight agencies to present his claims for consideration.  The denial of his claims in state court, and the agencies refusal to readdress his claims regarding the MANE investigation results, do not state a *per se* violation of the First and Seventh Amendments.

With respect to Plaintiff's Fourteenth Amendment claim, the United States

Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Plaintiff does not allege that he was deprived of life as a result of the MANE investigation. To the extent Plaintiff is challenging his termination as a deprivation of property right, the claim is inextricably intertwined with Plaintiff's state court case involving his termination from employment and barred by *Rooker-Feldman*. He, therefore, is entitled to procedural protections only if he was deprived of a liberty interest. The existence of a liberty interest depends upon the nature of the interest asserted. Even if the Court construes Plaintiff's request for a grievance procedure, by which he may redress an alleged regulatory deficiency in a MANE investigation, as a liberty interest claim, he provides no basis for finding that this interest suggests a liberty interest based on the Fourteenth Amendment.

If any rights exist they would be dependent on finding that "state law has created an interest substantial enough to rise to the level of a "liberty interest.' " *Montero v. Meyer*, 13 F.3d 1444, 1446 (10th Cir. 1994). "[A] state creates a protected liberty interest by placing substantive limitations on official discretion." *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989) (internal quotation marks omitted) (quoting *Olin v. Wakinekona*, 461 U.S. 238, 249 (1983)). "The substantive limitations work to create the 'legitimate claim of entitlement' giving rise to a constitutional right." *Montero*, 13 F.3d at 1448 (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Because Plaintiff concedes there is no current Colorado regulatory structure that provides a grievance process for an individual to challenge a MANE investigation, Plaintiff fails to assert a Fourteenth Amendment violation. ECF No. 16 at 6.

### iii. Mandated Relief

Third, Plaintiff asserts no basis for this Court's jurisdiction to mandate the U.S. Department of Human Services to oversee and direct the Colorado Department of Human Services and Health Care Policy and Financing to regulate the investigations and termination of employees of an organization that assists people with intellectual and developmental disabilities.  Pursuant to 28 U.S.C. § 1361, the district courts have original jurisdiction only of actions in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to Plaintiff. This Court finds no duty owed to Plaintiff regarding the MANE investigation or a grievance procedure to challenged the investigation.

## IV. Conclusion

This Court lacks subject matter jurisdiction to review Plaintiff's claims as they pertain to defamation, emotional distress, interference with contractual relations against Mr. Spencer; defamation, "respondeat superior," and negligent retention and supervision against Imagine!; and negligence against Mr. Stroup.  Furthermore, Plaintiff's First, Seventh, and Fourteenth Amendment claims based on the above findings are legally frivolous and subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the action is dismissed in part without prejudice for lack of subject matter jurisdiction and in part as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this __18th__ day of ___February_____, 2015.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court